IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN BARRADASFERRAL, Y35705,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DARELL GALLOWAY,  )<br>MR. STANLEY,  )<br>MR. BUNCH,  )<br>MR. VAUGHN,  )<br>DEPT. OF CORR. SHAWNEE,  )<br>)<br>Defendants.  ) | Case No. 25-cv-520-MAB |

## MEMORANDUM & ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Juan Barradasferral, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff alleges that the defendants intentionally applied his handcuffs tighter than necessary for a court transport, and they refused to loosen them, causing him hours of suffering and continued discomfort.

The Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

On April 6, 2023, Plaintiff alleges that Defendant Vaughn intentionally placed his handcuffs on his wrists too tightly, and then retaliated when Plaintiff asked him to loosen the cuffs by tightening his waist chain. (Doc. 1 at 6). Plaintiff voiced his concern that the restraints were too tight and were causing pain, but Vaughn refused to act. Plaintiff alleges his restraints were too tight for the entirety of an 18-hour court transport. He further alleges that he told Defendant Bunch (the officer in charge of transportation that day) that his handcuffs were too tight, but Bunch refused assistance for the entirely 18-hour outing. As a result of the lengthy journey with tight restraints, Plaintiff alleges that he still suffers from back pain, weakness, and numbness in his left arm. He posits that his pain is attributable to nerve damage from the restraints.

Plaintiff alleges that Defendant Stanley was the officer in charge of supervising transportation that day, but he did not ensure that his staff followed proper policies. He claims Stanley's actions amount to a failure to protect. Plaintiff also faults Defendant Galloway (the Warden) for failing to protect him, for failing to supervise staff, and for taking the side of the officers. He further alleges Galloway did not ensure he received

medical care. He associates Galloway's actions with his handling of a grievance. (Doc. 1 at 7).

As relief, Plaintiff seeks monetary compensation. In a supplement to the Complaint, Plaintiff submitted his relevant grievance documentation. (Doc. 5). The first grievance he submitted about the incident was deemed an emergency by the Warden on April 27, 2023. (Doc. 5 at 1-2). The grievance officer's response indicates that at the Warden's direction, information was compiled about the medical treatment he received for his alleged injuries, and an internal investigation was conducted into the alleged conduct of the officers involved in the transport on April 6, 2023. The grievance officer reported that Plaintiff had been seen multiple times for his medical concerns and had ongoing care, and that the internal investigation did not substantiate a finding of staff misconduct. (Doc. 5 at 5-6). Based on these findings, the grievance was denied. (*Id.*).

Based on the allegations in the Complaint, the Court designates the following claims:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Vaughn and Bunch for their conduct on April 6, 2023, during the court transport.**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendant Stanley for his supervision of Vaughn and Bunch;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Warden Galloway for his handling of Plaintiff's grievance.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## PRELIMINARY DISMISSAL

Plaintiff named the "Department of Corrections Shawnee" as a defendant in this case but did not mention the prison in the factual narrative. Merely naming a party, without describing their role, is insufficient to state a claim under § 1983. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (naming a defendant without describing his or her involvement is insufficient to establish liability). Additionally, the prison is not a "person" for purposes of § 1983 liability. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[a]s for the defendant prison, ... a building is not a person capable of being sued under § 1983") (citations omitted), cert. denied, 586 U.S. 840 (2018). Thus, any allegations against this defendant are dismissed for failure to state a claim.

## DISCUSSION

### Claim 1

The Eighth Amendment prohibits cruel and unusual punishment. *See e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim is not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Courts have concluded

at initial review, and later in litigation, that it is possible handcuffs applied too tightly can be a form of excessive force or cruel and unusual punishment. *See e.g., Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006); *Gates v. Doctors*, 2024 WL 5186647 at * 1 (N.D. Ind. Dec. 19, 2024); *Phillips v. Riggs*, 2018 WL 1738013 at 2 (S.D. Ill. Apr. 11, 2018).

Here, Plaintiff alleges that Defendant Vaughn intentionally placed the handcuffs too tightly, and then applied his waist chain tightly when he complained the handcuffs were painful. He further alleges he notified Defendant Bunch of the issue, but Bunch refused to offer any relief for an entire 18-hour ordeal of the court transport. These allegations are sufficient at initial review to proceed on Claim 1 against Bunch and Vaughn.

**Claim 2**

Plaintiff alleges that Defendant Stanley was the officer in charge of transports on April 6, 2023, and thus he posits Stanley should be held liable for failing to supervise Vaughn or Bunch, or for failing to check his restraints. Under § 1983, there is no respondeat superior liability, which means that supervisors cannot be held liable for the misdeeds of their subordinates. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). To be held liable, Plaintiff must demonstrate that Stanley was personally responsible for the harm he suffered because Stanley either caused or participated in the harm. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff's allegations in his complaint are insufficient to demonstrate Stanley's personal

involvement. He does not allege that he made Stanley aware of the issue with his cuffs, nor does he provide any facts that suggest Stanley had a reason to believe staff were applying restraints too tightly for transports. Thus, Plaintiff's allegations are insufficient to proceed against Defendant Stanley on Claim 2.

### Claim 3

Plaintiff also faults Defendant Galloway for his handling of his grievance about the April 6, 2023, restraints issue. Prison officials cannot be held liable for merely processing a grievance. However, an official may be held liable for a grievance processing issue if the grievance or other correspondence provides highly detailed information about an issue to the official in question, and they fail to investigate or act. *See e.g., Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Here, Plaintiff's supplemental materials contradict the notion that Galloway turned a blind eye to his plight. Upon receipt of his initial grievance about the restraints and his need for medical care, Galloway deemed the issue an emergency. The grievance was then processed by grievance officials, medical personnel, and via an internal investigation. The grievance officer reported that the findings of these inquiries revealed that Plaintiff had ongoing medical care, and that the allegation of staff misconduct could not be substantiated. Against this backdrop, Galloway quickly started the procedures to more thoroughly investigate Plaintiff's allegations, and it cannot be said he turned a blind eye. As such, claim 3 is insufficient to proceed against Galloway.

**DISPOSITION**

The Complaint states colorable **Claim 1** against Vaughn and Bunch. By contrast, **Claims 2 and 3** against Defendants Stanley and Galloway are insufficient as pled, and Plaintiff has failed to state a claim against Department of Corrections Shawnee. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Galloway, Mr. Stanley, and Department of Corrections Shawnee.

The Clerk shall prepare for Defendants Mr. Vaughn and Mr. Bunch: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), the Supplement (Doc. 5), and this Memorandum and Order to these Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is also **DIRECTED** to enter the standard HIPAA protective order in this case.

**IT IS SO ORDERED.**

Dated: May 28, 2025

/s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.