**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JUAN BARRADASFERRAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-CV-520-MAB |
| | ) | |
| BENJAMIN BUNCH & BRANDON VAUGHN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Defendants Benjamin Bunch and Brandon Vaughn's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 28). For the reasons set forth below, Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies is DENIED (Doc. 28).

### BACKGROUND

Plaintiff Juan Barradasferral filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Shawnee Correctional Center (*see* Docs. 1, 13). Plaintiff's Complaint alleges that on April 6, 2023, Defendant Vaughn intentionally placed handcuffs on his wrists too tightly and then retaliated against him by tightening his waist chain when he asked for his handcuffs to be loosened (Doc. 13 at p. 2). Plaintiff also told Defendant Bunch that his handcuffs were too tight, but Defendant Bunch refused to help (*Id.*). As a

result, Plaintiff's restraints remained too tight for the entirety of the 18-hour court transport trip, causing him to suffer injuries (*Id.*).

The Court conducted a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A in May 2025 (*see generally Id.*). Ultimately, Plaintiff was permitted to proceed on the following claim:

> **Count 1:** Eighth Amendment excessive force claim against Defendants Vaughn and Bunch for their conduct on April 6, 2023, during the court transport.

(*Id.* at pp. 3-5).[1]

On December 2, 2025, Defendants filed the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 28), along with several supporting exhibits (*see* Docs. 28-1 through 28-5). Plaintiff did not file a response in opposition to Defendants' motion.[2]

## LEGAL STANDARDS

### I. Summary Judgment Standards

Summary judgment is appropriate if the movant shows there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the Court "generally will construe all facts and

---

[1] Plaintiff's Complaint also sought to raise two additional deliberate indifference claims against other prison officials (*see* Docs. 1, 13). However, those two claims and the individuals named therein were dismissed as insufficiently pleaded in the Court's Merit Review Order (*see generally* Doc. 13).

[2] Notably, Defendants did not file a Rule 56 Notice alongside their motion. This lack of notice, combined with Plaintiff's failure to file a response to their motion, could have been problematic. *See* SDIL LR 56.1(j) ("Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)."). However, in light of the Court's ruling below, the Court need not take any further action related to the lack of a Rule 56 Notice.

reasonable inferences in the light most favorable to the non-moving party." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013). This means courts cannot resolve factual disputes in favor of the party seeking summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, "[t]he nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010).

## II.    Exhaustion Requirements

As outlined in the Prison Litigation Reform Act, "[a] prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citing 42 U.S.C. § 1997e(a)). A remedy has not been exhausted if the prisoner failed to abide by the procedures for pursuing relief. *Id.* Thus, to properly exhaust one's administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, an inmate is not required to exhaust administrative remedies that are not actually available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("Remedies that are genuinely unavailable or nonexistent need not be exhausted."). The Seventh Circuit has "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure."

*Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018). Furthermore, the failure to exhaust administrative remedies is an affirmative defense that the defendants carry the burden of proving. *See Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018). "To meet their burden, the defendants must show beyond dispute that remedies were available." *Id.* at 533-34.

III.    *IDOC Grievance Procedures*

Individuals incarcerated within the Illinois Department of Corrections (IDOC) are required to follow the grievance procedure outlined in the Illinois Administrative Code to exhaust their administrative remedies. *See* 20 Ill. Admin. Code § 504.800, *et seq.* (2017). To initiate the normal grievance process, an inmate must file a grievance with their institutional counselor within 60 days of the discovery of the incident. *Id.* at § 504.810(a). After the counselor provides a response, an inmate may submit his grievance to a grievance officer who is to report his or her findings and recommendations to the Chief Administrative Officer (the "warden") within two months. *Id.* at 504.830(e). The warden reviews the grievance officer's findings and recommendations, and then provides a written decision. *Id.* If an inmate is unsatisfied with the warden's decision, he has 30 days from the date of the warden's decision to appeal to the Administrative Review Board (ARB). *Id.* at § 504.850(a). The ARB then submits a written report to the Director of the IDOC, who makes a final decision within six months, when reasonably feasible. *Id.* at § 504.850(e).

Alternatively, an inmate can request for his or her grievance to be handled on an emergency basis by submitting the grievance directly to the warden. *Id.* at § 504.840. If the warden determines the grievance should not be handled as an emergency, the inmate

is notified in writing that he or she may resubmit the grievance in accordance with the standard grievance process. *Id.* at § 504.840(c). However, if the warden determines the grievance is an emergency, the warden must expedite processing of the grievance and respond by indicating what action shall be or has been taken. *Id.* at § 504.840(b). Additionally, if an inmate appeals the warden's decision on an emergency grievance, the ARB is also required to expedite processing of the emergency grievance. *Id.* at § 504.850(f).

DISCUSSION

I.        *Plaintiff's Grievances*

It is undisputed that Plaintiff filed two grievances relevant to his claims in this action (*see* Doc. 28 at pp. 3-4). This includes Emergency Grievance No. 2023-4-95 and Grievance No. 2023-6-27 (*see* Doc. 28-4 at pp. 25-29). Pertinently, the Court's discussion focuses on Grievance No. 2023-4-95 because that grievance is dispositive.

Plaintiff filed Emergency Grievance 2023-4-95 on April 12, 2023[3] (Doc. 28-4 at pp. 25-26). In that grievance, Plaintiff wrote, "I want to report an incident between me and the officers that were in charge of my transportation to my court writ [on] 4-6-23." (*Id.* at p. 25). He then grieved the tightness of his shackles and restraints, and provided a description of the shorter correctional officer with blonde hair, who refused to loosen his restraints (*Id.* at pp. 25-26). The grievance goes on to raise additional complaints as to the

---

[3] As Defendants concede, this grievance was presumably filed on April 12, 2023, even though Plaintiff erroneously dated the grievance as 12-4-2023 (*see* Doc. 28 at p. 3, fn. 1; *see also* Doc. 28-4 at p. 25). While the Court presumes Plaintiff's dating of the grievance simply reversed the order of the month and date, the reason for his error is of no consequence because the record makes clear that Emergency Grievance No. 2023-4-95 was stamped as received by Clinical Services on April 18, 2023, and then subsequently addressed on the merits at the facility level (Doc. 28-4 at p. 25).

transporting officers refusal to loosen his restraints, before then discussing some of the harms he suffered due to the prolonged use of excessively tight restraints (*Id.* at p. 26).

Emergency Grievance No. 2023-4-95 was determined to be an emergency by the Warden on April 27, 2023, and subject to expedited review (*Id.* at p. 25). Thereafter, Grievance Officer Ryan Hughes recommended that Plaintiff's emergency grievance be denied on May 30, 2023, because the claims raised therein were investigated and deemed to be unsubstantiated (*Id.* at pp. 23-24). The Warden concurred in the Grievance Officer's recommendation on June 1, 2023 (*Id.* at p. 23). On June 11, 2023, Plaintiff signed the bottom of the Grievance Officer's Report and appealed the Warden's decision to the ARB (*Id.*).

The ARB indicated that it received Plaintiff's grievance appeal on June 23, 2023 (*Id.* at p. 21). Thereafter, on July 5, 2023, the ARB denied Plaintiff's grievance without addressing it on the merits because it was "not submitted in the timeframe outlined in Department Rule 504[.]" (*Id.*).

II.     *Analysis*

Defendants' sole argument as to why Emergency Grievance No. 2023-4-95 should not be deemed exhausted is that it was denied by the ARB for procedural reasons. According to Defendants, that grievance did not complete the administrative review process because it was never addressed on the merits at the final stage of that process (*see* Doc. 28 at pp. 7-8).[4] Put simply, the Court does not find this contention to be persuasive.

---

[4] Typically, when considering a motion for summary judgment based upon a prisoner's alleged failure to exhaust his or her administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner*

For one, regardless of Plaintiff's error in physically writing the date on his grievance, there is no dispute that his grievance was timely filed at each stage of the administrative process. It was presumably filed just 6 days after the alleged incident (*see* Doc. 28-4 at p. 25). And, even if the incorrect date Plaintiff wrote is entirely disregarded, his grievance was clearly timestamped as having been received by clinical services on April 18, 2023, and by the grievance office on April 27, 2023 (*Id.*). On top of that, both the Grievance Officer's recommendation and the Warden's denial on the merits were made within 60 days of April 6, 2023 (*Id.* at p. 23). Thus, it is readily apparent that Plaintiff's grievance was timely filed and exhausted at the facility level.

Furthermore, both Plaintiff's signature appealing the Warden's decision to the ARB and the ARB's timestamp documenting its receipt of that appeal unequivocally demonstrate that the ARB received Plaintiff's appeal within 30 days of the Warden's denial (*Id.* at pp. 21 & 23). *See also* 20 Ill. Admin. Code § 504.850(a). Consequently, the record clearly demonstrates that Plaintiff timely complied with each step of the administrative review process, thereby exhausting his administrative remedies as to Emergency Grievance No. 2023-4-95. *See, e.g.*, *Tuduj v. Siddiqui*, 20-CV-924-DWD, 2023 WL 8235751, at *4 (S.D. Ill. Nov. 28, 2023) (holding that the prison grievance office and the ARB both erred when they incorrectly rejected a grievance as untimely, thereby

---

*v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). However, an evidentiary hearing is not necessary when there are no material factual disputes. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal question"). Here, such a hearing would not be beneficial because the only issue before the Court is a question of law related to the ARB's procedural denial of Emergency Grievance No. 2023-4-95.

demonstrating the grievance was pursued to the fullest extent possible); *Ezell v. Neibel*, 3:21-CV-01434-SMY-RJD, 2024 WL 4111769, at *5 (S.D. Ill. Aug. 19, 2024) (the administrative process was rendered unavailable to an inmate when it was erroneously determined that the grievance was filed out of timeframe).

In recognition of this clear timeline, Defendants instead argue that Plaintiff did not exhaust Emergency Grievance No. 2023-4-95 because he was the one who wrote the incorrect date on that grievance (*see generally* Doc. 28 at pp. 7-8). According to Defendants, the ARB's otherwise erroneous procedural denial was Plaintiff's fault and as a result, he is responsible for that grievance having never been addressed on the merits (*Id.*). The Court rejects this contention.

Crucially, Plaintiff's grievance was rejected on the merits at each stage of its facility level review (*see* Doc. 28-4 at pp. 23-26). This is outcome-determinative because the ARB cannot deny a grievance as untimely filed at the facility level when the facility itself did not do so and instead addressed the grievance on the merits. *See, e.g.*, *Kane v. Santos*, 2020 WL 967878, at *4 (S.D. Ill. Feb 28, 2020) ("[W]hen a grievance officer addresses the grievance based on the merits, rather than procedural grounds, the ARB cannot later examine the grievance based on procedural grounds."); *Spraggins v. Baker*, 2015 WL 558293, at *3-4 (C.D. Ill. Feb. 10, 2015) ("While the ARB later rejected Plaintiff's grievance on timeliness grounds, the ARB's decision to do so ignores the fact that the discretion to decide an untimely filed grievance on the merits lies with the Grievance Officer."); *Ford v. Wexford Health Source*, 2014 WL 685841, at *5 (S.D. Ill. Feb 20, 2014) ("Because the grievance officer denied Plaintiff's grievances on the merits, Defendant... cannot now

assert that Plaintiff failed to exhaust his administrative remedies because the ARB rejected the grievances as untimely."). In fact, the affidavit of ARB Chairperson Clayton Stephenson that Defendants submitted only further underscores this point because Mr. Stephenson stated that he disagreed with the ARB's disposition of Plaintiff's grievance in this particular instance (*See* Doc. 28-5 at pp. 2-3) ("Grievance #2023-4-95E, was returned to Plaintiff due to not being submitted within the proper timeframe as outlined in DR 504(F). However, I disagree with former chairwoman, Debbie Knauer's disposition of the grievance, as I would have considered it as it looks to me like a mistake in dating the grievance. … What was written down, rather than inferred, is seemingly the reason why former chairwoman, Debbie Knauer chose to return the grievance for failure to satisfy DR 504 (F)."). Consequently, the Court finds that Emergency Grievance No. 2023-4-95 exhausted Plaintiff's administrative remedies as to his instant claim against Defendants and it was erroneous for the ARB to deny that grievance for an alleged procedural shortcoming that had not been identified or relied upon at the facility level.

For this reason, the Court finds that Plaintiff exhausted all available administrative remedies as to Emergency Grievance No. 2023-4-95 and Defendants' Motion for Summary Judgment on the Issue of Exhaustion is DENIED (Doc. 28). Accordingly, this action is now moving beyond the exhaustion of administrative remedies phase. The stay on merits-based discovery is **LIFTED** and the parties can proceed with discovery on the merits. A new schedule will be entered by separate order.

### CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment on

the Issue of Exhaustion of Administrative Remedies is DENIED (Doc. 28).

**IT IS SO ORDERED.**

**DATED:  July 9, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**
